UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| BRIAN KELLEY WHIPPLE | ) | CIVIL NO.: 07-404-S-EJL |
| | ) | CRIMINAL NO: 05-196-S-EJL |
| Petitioner, | ) | |
| | ) | **MEMORANDUM ORDER** |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA , | ) | |
| | ) | |
| Respondent. | ) | |

Pending before the Court in the above-entitled matter is Petitioner's Writ for Habeas Corpus (Docket No. 1) filed on 9/26/2007. The matter was initially assigned to the Honorable B. Lynn Winmill until it was determined that under the policy of the District of Idaho, the habeas action should be handled by the sentencing judge. See 28 U.S.C. § 2255; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988) (stating that a § 2255 motion must be filed in the sentencing court). The case was then reassigned to the undersigned. Petitioner filed a motion to void the Order of October 10, 2007 reassigning the case.

The Court acknowledges that Petitioner has listed the undersigned as a Respondent, but there are no claims against the undersigned in the petition. The sole claim in the petition is that pursuant to the Judiciary Act of February 5, 1867 this court was without subject matter jurisdiction over the criminal action in United States of America v. Brian Kelly Whipple, Criminal Case No. 005-196-S-EJL. Accordingly, the Court finds there is no conflict of interest in ruling on the habeas motion.

**MEMORANDUM ORDER**

1

Regardless of the title of the writ or statutory cite used by Petitioner, the writ is a post-conviction writ of habeas corpus.[1] To the extent that the Petition could be deemed a petition for habeas relief pursuant to 28 U.S.C. § 2241, the Court lacks jurisdiction to hear such motion. Petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court. See e.g., Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Since Petitioner is incarcerated in Arizona and not Idaho, this Court is not the custodial court. Moreover Petitioner's claims in the petition do not challenge the manner, location, or condition of execution of petitioner's sentence.

The Court finds the habeas action is a 28 U.S.C. § 2255 motion. A § 2255 motion is a motion by a prisoner in federal custody claiming the right to be released "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A prisoner may move the court which imposed the sentence to vacate, set aside or correct the sentence. Id. A federal prisoner authorized to seek relief under § 2255 may not petition for habeas corpus relief pursuant to another section or statute "if it appears the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C.

---

[1] The Court takes judicial notice of the Petition for Writ of Habeas Corpus, Jus Legitium, Jus Quaesitmum Pursuant to 28 U.S.C. § 2241 filed in Re: Brian Kelly Whipple, Civil Case No. 07-105-S-EJL on March 2, 2007. Therefore, it is arguable that this second petition for habeas relief could also be denied pursuant to 28 U.S.C. 2244 (second or successive petition must be approved by Ninth Circuit).

**MEMORANDUM ORDER**
2

§ 2255.

The Ninth Circuit has not defined when a motion is inadequate or ineffective, but has stated that finding a motion inadequate or ineffective is a narrow exception.  <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997) (district court's delay in considering a section 2255 motion until direct appeals are resolved does not make the section 2255 motion inadequate or ineffective ).  <u>See</u> <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir.2000) (stating general rule that the unavailability of a second or successive petition does not itself make section 2255 inadequate or ineffective).  In this case, Petitioner cites the Judiciary Act of February 5, 1897 for his authority to circumvent the § 2255 process. The Court finds such circumvention is not allowed under the current statutory scheme where Petitioner has failed to establish that § 2255 relief is inadequate.  Therefore, the Court will proceed with an analysis pursuant to 28 U.S.C. § 2255.

Factual Background

Petitioner waived his right to an indictment and pled guilty to a single count information charging possession of sexually explicit material depicting minors in interstate commerce in violation of 18 U.S.C. 225(a)(4)(B).  This Court had jurisdiction over the criminal charges as the alleged actions occurred within the District of Idaho.  18 U.S.C. §§ 3231 and 3237.  The Court sentenced the Petitioner to 70 months imprisonment, 8 years supervised release and a $100 special assessment on February 14, 2006. The Judgement was entered on February 16, 2006 (Docket No. 19 in <u>United States v. Whipple</u>, criminal case no. 05-196-S-EJL).  No appeal was filed by Petitioner.  Petitioner filed this writ of habeas corpus on September 26, 2007.

**MEMORANDUM ORDER**

Standard of Review

Pursuant to 28 U.S.C. § 2255, the court recognizes that a response from the government and a hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.), cert. denied, 470 U.S. 1058 (1985) (citations omitted); Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985). However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court. Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." United States v. Keller, 902 F.2d 1391, 1395 (9th Cir. 1990).

Timeliness

Pursuant to the amendment of 28 U.S.C. § 2255 in 1996 as part of the Anti-Terrorism and Effective Death Penalty Act, there is now a one (1) year limitation on the filing of a § 2255 motion. Section 2255 states in part:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of --
> (1)   the date on which the judgment of conviction becomes final;
> (2)   the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by

**MEMORANDUM ORDER**

4

      such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Equitable tolling of the statute of limitation is available only when "'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), cert. denied, 118 S. Ct. 899 (91998). See also Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)(equitable tolling is appropriate only "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim"). No extraordinary circumstances have been presented in the § 2255 motion or the motion to file a supplemental memorandum.

In the present Petition, the Petitioner claims the court lacked subject matter jurisdiction over his criminal case. These claims do not provide a basis for an extension of time from the one year limitation from the date judgment was entered. Accordingly, it appears to the Court that the petition is time barred and should be dismissed. However, a court should not *sua sponte* dismiss a § 2255 petition without giving the Petitioner the opportunity to respond to the Court's timeliness evaluation. United States v. Herbst, 260 F.3d 1039, 1043 (9th Cir. 2001). It is the prisoner's burden to demonstrate that extraordinary circumstances exist. United States v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999). "In spite of the high hurdle to the application of equitable tolling, we have found equitable tolling of AEDPA's statute of limitations appropriate in a number of circumstances." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002) (internal citation and quotation marks omitted).

**MEMORANDUM ORDER**

Being fully advised in the premises, the Court hereby orders that Petitioner is granted leave to file a response to this Order within fourteen (14) days of his receipt of the Order. The Government may file a reply to Petitioner's response within fourteen (14) days of the filing of Petitioner's response.  Failure to file a timely response to this Order will be deemed consent to the Court's timeliness analysis and the petition will be dismissed with prejudice.

It is further ordered that Petitioner's Motion to Void Order dated October 10, 2007, Docket No. 4, is DENIED and that Petitioner's Motion Correction of Filing Errors, Docket No. 2, is GRANTED as the Court is aware the writ of habeas corpus is not pursuant to 28 U.S.C. § 2254 as the Petitioner is not in state custody.  The Clerk of Court is directed to docket this writ of habeas as a § 2255 motion.  The Clerk of Court is also directed to serve this Order and the Petition on the United States Attorney for the District of Idaho.

DATED:  **October 29, 2007**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER**